IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| R.E. Kramig Co., Inc., | : | |
| | : | Case No. 1:07-cv-658 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING MOTION TO |
| Resolute Management, Inc., et al., | : | DISQUALIFY |
| | : | |
| Defendants and Third Party | : | |
| Plaintiffs. | : | |

This matter comes before the Court on Defendant and Third Party Plaintiff OneBeacon's Motion to Disqualify Attorney Christopher Bechhold and the Thompson Hine Law Firm (doc. 35). For the reasons that follow, the motion is **GRANTED**.

## I.  PROCEDURAL POSTURE

### A.  Initial Pleadings

Plaintiff R.E. Kramig Co., Inc. ("Kramig") initiated this action against Defendants Resolute Management, Inc. ("RMI"), OneBeacon America Insurance Company ("OneBeacon"), American Employer Insurance Company ("AEIC"), and the Northern Assurance Company of America ("NACA") in the Hamilton County, Ohio Court of Common Pleas on July 20, 2007. (Doc. 2). Defendants will be referred to herein collectively as Defendants or as the "OneBeacon Defendants." Kramig alleges as follows in the Complaint:

- OneBeacon, through its predecessors or affiliated companies, Defendant AEIC and Defendant NACA, as well as non-parties Commercial Union Insurance Company ("Commercial Union") and Employers Liability Insurance Company, collectively the "OneBeacon Insurers," issued commercial general liability policies ("CGL policies") and/or umbrella policies to Kramig during the relevant time period.

1

- The OneBeacon Insurers' CGL policies and umbrella policies contained product liability coverage for asbestos products.

- Beginning in the 1990s, Kramig was named as a defendant in multiple claims and lawsuits for personal injuries allegedly caused by asbestos exposure. These claims and lawsuits collectively will be referred to as the "asbestos lawsuits." Kramig tendered claims for defense and indemnification regarding the asbestos lawsuits to the OneBeacon Insurers and another liability insurance carrier, Safeco Insurance Company of America ("Safeco").

- One of these asbestos lawsuit was captioned Hobart Adams et al. v. Acands, Inc. et al., No. CIV2001-12-302 (Butler Cty. C.P. Ohio).[1] The OneBeacon Insurers agreed to provide Kramig with a defense in the Adams case and assigned the adjustment and handling of the claim to Defendant RMI. RMI retained Timothy McKay, Esq., and the Trenz, McKay & Knabe law firm to defend Kramig in the Adams lawsuit.

- In or about March 2004, Mr. McKay conveyed a settlement offer regarding the Adams lawsuit plaintiff to Cristy Bresson at RMI. Ms. Bresson authorized and instructed Mr. McKay to accept the settlement offer. However, Ms. Bresson failed to transmit the settlement monies to Mr. McKay.

- The plaintiffs in the Adams lawsuit then moved to enforce the settlement against Kramig. Neither Mr. McKay nor his law firm informed Kramig about the motion to enforce the settlement nor did they file a response thereto. The trial court entered a judgment against Kramig in the amount of $5,000 plus interest of 10% per day. Neither McKay nor his law firm provided Kramig with a copy of the judgment. Kramig did not pay the judgment.

- On June 12, 2007, the plaintiffs in the Adams lawsuit moved for a writ of attachment against Kramig for the amount of the judgment plus interest, which constituted a balance in excess of $1,000,000.

(Id.) Kramig asserts three claims for relief in the Complaint against the OneBeacon Defendants:

(1) Breach of Contract; (2) Breach of Fiduciary Duty; and (3) Bad Faith. (Id.)

---

[1] The Adams case in Butler County, Ohio includes multiple consolidated cases including Case Nos. CIV2001-12-2940, CIV2001-12-2943, CIV2001-12-2941, and CIV2001-12-3051.

Defendants removed the action to this Court on August 10, 2007.  (Doc. 1.)  Defendants answered the Complaint on August 15, 2007 and then filed a Third-Party Complaint on September 14, 2007 against Third-Party Defendants Safeco, American States Insurance Co. ("American States"), American Economy Insurance Co. ("American Economy"), attorney Timothy McKay, the law firm of Trenz McKay & Knabe Co. LPA, and the law firm of Mack McKay & Knabe.  (Docs. 3, 5.)  In the Counterclaim, RMI and the OneBeacon Insurers assert that Safeco is the parent and/or successor to American States and American Economy.  All three Third-Party Defendant insurance companies will be referred to collectively as Safeco or the Safeco Insurers.  RMI and the OneBeacon Insurers also assert that Mr. McKay was a member of both Third-Party Defendant law firms during the time that he performed legal work for Kramig on the asbestos lawsuits.

Substantively, RMI and the OneBeacon Insurers allege in the Third-Party Complaint that they and the Safeco Insurers had an agreement to provide Kramig with a joint defense in the asbestos lawsuits, including the Adams case.  Contrary to Kramig's allegations in the Complaint, RMI and the OneBeacon Insurers allege that they did not authorize Mr. McKay to settle the Adams case on behalf of Kramig.  They further deny any liability to Kramig in connection with the handling of the Adams case.  Finally, they allege that the Safeco Insurers are concurrently, jointly, and severally liable for any judgment or settlement incurred against Kramig in the Adams case and that Mr. McKay and his law firms are liable for indemnification.

The Third-Party Defendants, the Safeco Insurers and Mr. McKay and his law firm,[2] each

---

[2] McKay and his law firm identify the law firm as Trenz, McKay & Knabe Co., LPA, f/k/a Mack, McKay & Knabe Co., LPA.

filed separate Answers to the Third-Party Complaint. (Docs. 15, 17, 19, 24.) American Economy stated a Counterclaim against RMI and the OneBeacon Insurers alleging that its liability in this matter, if any, is passive and secondary to the liability of RMI or the OneBeacon Insurers. (Doc. 19.)

**B.     Pending Motion**

In the pending Motion to Disqualify, the OneBeacon Defendants move to disqualify Christopher Bechhold, Esq., and the Thompson Hine law firm from representing any party adverse to the interests of the OneBeacon Defendants in this matter. Mr. Bechhold and Thompson Hine currently are the attorneys of record for Plaintiff Kramig. The OneBeacon Defendants assert that Mr. Bechhold and his law firm should be disqualified because Mr. Bechhold previously represented the OneBeacon Defendants or entered into a privileged joint defense relationship with them in substantially related cases. Senior Judge Herman J. Weber has disqualified Mr. Bechhold and Thompson Hine from representing Kramig in a matter adverse to OneBeacon in a related case pending in the Southern District of Ohio. OneBeacon Am. Ins. Co. v. Safeco Ins. Co., No. 1:07-cv-358, CM/ECF Doc. 49, slip op. (S.D. Ohio Mar. 31, 2009) (disqualifying law firm); OneBeacon Am. Ins. Co v. Safeco Ins. Co., No. 1:07-cv-358, 2008 WL 4059836 (S.D. Ohio Aug. 25, 2008) (disqualifying Mr. Bechhold). At a prior hearing with the parties in this case, the Court indicated a willingness to adopt Senior Judge Weber's decision on the disqualification if appropriate.

**C.     <u>OneBeacon Am. Ins. Co. v. Safeco Ins. Co.</u> (Case No. 1:07-cv-358)**

A closer examination of the related case pending before Senior Judge Weber is warranted. In Case No. 1:07-cv-358, OneBeacon sued Kramig and insurance carriers providing

4

excess coverage to Kramig "seeking a declaratory judgment that OneBeacon has exhausted its coverage limits under the subject insurance polices, and is not liable for any future asbestos claims against Defendant Kramig." 2008 WL 4059836 at *1. OneBeacon then moved to disqualify Mr. Bechhold and Thompson Hine. Id. As explained by Judge Weber in the procedural history portion of his decision:

> Beginning in approximately 1994, OneBeacon engaged the Thompson Hine law firm to represent Defendant Kramig, as well as other parties insured by OneBeacon, in defense of asbestos personal injury liability claims. Christopher Bechhold, Esq., a partner in the firm's Cincinnati office, was the attorney to whom such representation was assigned.
>
> * * * *
>
> On June 29, 2007, OneBeacon filed its motion to disqualify Attorney Bechhold and the Thompson Hine firm from representing Defendant Kramig in this matter. OneBeacon asserts that disqualification is warranted because Bechhold and Thompson Hine formerly represented OneBeacon regarding "the same asbestos personal injury suits" involved herein, as well as "substantially related claims" against OneBeacon. In addition to claiming that Bechhold's representation is adverse to OneBeacon as both a former and current client, OneBeacon further argues that Bechhold is a potential material witness.
>
> Kramig counters that OneBeacon should not be permitted to interfere with Defendant's choice of counsel, urging that OneBeacon is neither a former nor current client of Thompson Hine, that "this insurance coverage dispute is not substantially related to any asbestos liability claim that Thompson Hine defended on behalf of OneBeacon's insureds," and that Attorney Bechhold is not a "necessary" witness under applicable ethics rules. Kramig asserts that during Bechhold's representation, OneBeacon "retained separate coverage counsel" whenever coverage issues arose in connection with Kramig's defense under its OneBeacon policies and suggests that neither Thompson Hine nor Bechhold "recognized any attorney-client relationship with OneBeacon."

Id. (internal citations omitted).

After setting forth the applicable legal standard, Senior Judge Weber held that Mr. Bechhold was disqualified from representing Kramig in the matter adverse to OneBeacon for

two reasons. First, he found that the issue in Case No. 1:07-cv-358, whether the OneBeacon policy limits had been exhausted based on the proper interpretation and application of per occurrence policy limits, was substantially related to the issues in two earlier cases in which Mr. Bechhold had represented OneBeacon: Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633 (7th Cir. 1991) ("Proctor & Gamble"), and Commercial Union Co. v. Roxborough Village Joint Venture, 944 F. Supp. 827 (D. Colo. 1996) ("Roxborough"). OneBeacon, 2008 WL 4059836, at *4-5. Second, Senior Judge Weber found that there was direct evidence of at least an "appearance of impropriety" in that Mr. Bechhold appeared to use information gained in his prior representation of OneBeacon to advance the position of Kramig in Case No. 1:07-cv-358. Id. at *6. Senior Judge Weber held that Ohio Rule of Professional Conduct 1.9(a) precluded Mr. Bechhold, "as OneBeacon's former counsel in other insurance coverage matters, from representing Defendant Kramig in this substantially related matter in which Kramig's interests are demonstrably and materially adverse to OneBeacon's interests." Id. Senior Judge Weber held in a subsequent opinion that the Thompson Hine firm also was disqualified pursuant to the Ohio Rules of Professional Conduct. OneBeacon, No. 1:07-cv-358, CM/ECF Doc. 49, slip op. at 5-10.

## II. APPLICABLE OHIO RULES OF PROFESSIONAL CONDUCT

The OneBeacon Defendants contend that Mr. Bechhold and the Thompson Hine law firm are subject to disqualification in this case pursuant to the Ohio Rules of Professional Conduct. Kramig does not dispute that this Court should apply the Ohio Rules of Professional Conduct. See Nat'l Union Fire Ins. Co. of Pittsburgh v. Alitor, 466 F.3d 456, 457 (6th Cir. 2006), vacated in part on other grounds, 472 F.3d 436 (6th Cir. 2007) (stating that courts should apply "the

codified Rules of Professional Conduct for guidance"); OneBeacon, 2008 WL 4059836 at *2.

The relevant Ohio Rule of Professional Conduct regarding disqualification of an attorney provides as follows:

RULE 1.9: DUTIES TO FORMER CLIENTS

(a) Unless the former client gives informed consent, confirmed in writing, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client.

(b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client where both of the following apply:

(1) the interests of the client are materially adverse to that person;
(2) the lawyer had acquired information about the client that is protected by Rules 1.6 and 1.9(c) and material to the matter.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter do either of the following:

(1) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known;
(2) reveal information relating to the representation except as these rules would permit or require with respect to a client.

Ohio R. Prof'l Conduct. 1.9. The use of the term "shall" in Rule 1.9(a) requires mandatory disqualification when those circumstances defined therein are present. OneBeacon, 2008 WL 4059836, at *2. The term "substantially related matter" means "one that involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter." Ohio R. Prof'l

Conduct 1.0(n).

As to the disqualification of a law firm, the Ohio Rules of Professional Conduct provide:

RULE 1.10: IMPUTATION OF CONFLICTS OF INTEREST: GENERAL RULE

(a) While lawyers are associated in a firm, none of them shall represent a client when the lawyer knows or reasonably should know that any one of them practicing alone would be prohibited from doing so by Rule 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

(b) When a lawyer is no longer associated with a firm, no lawyer in that firm shall thereafter represent a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, if the lawyer knows or reasonably should know that either of the following applies:

(1) the formerly associated lawyer represented the client in the same or a substantially related matter;
(2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c) When a lawyer has had substantial responsibility in a matter for a former client and becomes associated with a new firm, no lawyer in the new firm shall knowingly represent, in the same matter, a person whose interests are materially adverse to the interests of the former client.

(d) In circumstances other than those covered by Rule 1.10(c), when a lawyer becomes associated with a new firm, no lawyer in the new firm shall knowingly represent a person in a matter in which the lawyer is personally disqualified under Rule 1.9 unless both of the following apply:

(1) the new firm timely screens the personally disqualified lawyer from any participation in the matter and that lawyer is apportioned no part of the fee from that matter;
(2) written notice is given as soon as practicable to any affected former client.

(e) A disqualification required by this rule may be waived by the affected client under the conditions stated in Rule 1.7.

(f) The disqualification of lawyers associated in a firm with former or current

government lawyers is governed by Rule 1.11.

Ohio R. Prof'l Conduct 1.10.

### III. ANALYSIS

#### A. Disqualification of Mr. Bechhold

OneBeacon moves to disqualify Mr. Bechhold on the basis of Ohio Rule of Professional Conduct 1.9. The Court preliminarily notes that Kramig does not dispute that Mr. Bechhold previously represented OneBeacon Insurers, that Kramig's interests here are materially adverse to the OneBeacon Insurers' interests, or that OneBeacon Insurers have not consented to Mr. Bechhold's representation of Kramig. See OneBeacon, 2008 WL 4059836, at *4 (making same finding). Taking these predicates as established, OneBeacon asserts that Mr. Bechhold must be disqualified on three bases: (1) Mr. Bechhold has a conflict of interest because he represented OneBeacon in insurance coverage cases that are substantially related to this case on the exhaustion of limits issue; (2) Mr. Bechhold has a conflict of interest because he entered into a privileged joint defense relationship with OneBeacon to defend substantially related Kramig asbestos claims; and (3) Mr. Bechhold has a conflict of interest because he represented OneBeacon in substantially related insurance coverage cases in which policyholders settled without OneBeacon's consent. Senior Judge Weber disqualified Mr. Bechhold from representing Kramig in Case No. 1:07-cv-358 on the first basis – Mr. Bechhold has a conflict of interest because he represented OneBeacon Insurers in insurance coverage cases that are substantially related to Case No. 1:07-cv-358 on the exhaustion of limits issue. This Court focuses on this purported basis as well.

A review of Senior Judge Weber's analysis of the disqualification question in Case No.

9

1:07-cv-358 is helpful. The substantive legal issue in Case No. 1:07-cv-358 is "whether asbestos personal injury claims asserted by third parties against Defendant Kramig constitute a single occurrence under the terms of Kramig's insurance policies with Plaintiff, and if so, whether the per-occurrence limits specified in Kramig's policies apply once to the three-year policy term rather than annually." Id. at *4. Senior Judge Weber found that the determinative legal question on the disqualification motions was whether these exhaustion-related issues were "substantially related" to the issues in two earlier cases in which Mr. Bechhold represented OneBeacon. Id. The legal issues in the two prior cases, Proctor & Gamble and Roxborough, also concerned the proper definition of the term occurrence and how per occurrence limits should be applied. Id. at *5. Senior Judge Weber held that the "similarity of the legal dispute in each [case to Case No. 1:07-cv-358] is undeniable." Id. at *5.

 Kramig's primary argument against disqualification here is that the issue in this case, bad faith handling of the Adams case, is not substantially related to the exhaustion issues in the prior cases – Proctor & Gamble and Roxborough – in which Mr. Bechhold represented the OneBeacon Insurers. Kramig attempts to distinguish Senior Judge Weber's disqualification orders in Case No. 1:07-cv-358 on this ground as well. Kramig alleges in the Complaint that Defendant RMI, the agent of the OneBeacon Insurers, agreed to settle the Adams case on behalf of Kramig in March 2004, prior to the exhaustion of the OneBeacon Insurers' policy limits. Kramig further alleges that Defendants failed to pay the Adams settlement and that Kramig has been damaged thereby, including by having to defend against a July 2007 Motion for Writ of Attachment to satisfy the unpaid judgment and interest in the Adams case in excess of $1,000,000. Kramig concludes that this is a bad faith handling claim only and that the exhaustion of OneBeacon's

10

policy limits is irrelevant.

Exhaustion of policy limits is relevant, however, to the OneBeacon Insurers' defense. Defendants deny that RMI authorized settlement on behalf of Kramig in the Adams case. Additionally, Defendants assert that pursuant to the policy terms that OneBeacon had no further duty to indemnify or defend Kramig in the Adams suit after the policy limits were exhausted. Defendants point to the following excerpt from one of the OneBeacon policies: "the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgment or settlements." (Doc. 35 Ex. C.) Correspondence submitted by the parties indicates that Cristy Bresson of RMI informed Kramig that OneBeacon's policy limits were exhausted on September 25, 2006. (Doc. 38-2 Ex. C; Doc. 38-3 Ex. Q, Bresson Aff. ¶ 12.) To the extent that Kramig's breach of contract, breach of fiduciary duty, and bad faith claims are based on actions which occurred subsequent to September 25, 2006, exhaustion of policy limits is a relevant issue in this case. Cf. Zoppo v. Homestead Ins. Co., 71 Ohio St. 3d 552, 554, 644 N.E.2d 397 (1994) (stating that "an insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor"); Vorhees v. Cincinnati Ins. Co., No. 91-CA-66, 1992 WL 302440, at *2 (Ohio App. Sept. 28, 1992) (stating that absent bad faith in the settling of claims, no action will lie against an insurer after it pays policy limits).[3]

This case, therefore, is substantially related to the Proctor & Gamble and Roxborough

---

[3] The Court expresses no opinion as to the merits of Kramig's claims or of the OneBeacon Insurers' defenses.

cases in which Mr. Bechhold represented the OneBeacon Insurers. The validity of the OneBeacon Insurers' policy limits exhaustion defense in this case will depend in part upon the proper definition of occurrence and whether limits apply only one time for a three-year term. The Court agrees with Senior Judge Weber that these issues are substantially the same as those that were disputed in Proctor & Gamble and Roxborough. The Court adopts Senior Judge Weber's holding in Case No. 1:07-cv-358 that Mr. Bechhold is disqualified from representing Kramig in this matter adverse to the OneBeacon Defendants. OneBeacon, 2008 WL 4059836, at *4-6.

Additionally, like Senior Judge Weber, this Court finds that there is a related basis for disqualifying Mr. Bechhold. Mr. Bechhold, on behalf of Kramig, sent a letter dated February 12, 2007 to Cristy Bresson, the RMI claim representative responsible for coordinating the OneBeacon's Insurers defense of Kramig in the asbestos cases, disputing RMI's position that the OneBeacon policy limits were exhausted. (Doc. 38-2 Ex. C.) Mr. Bechhold requested that RMI and the OneBeacon Insurers reconsider their position that OneBeacon had no further duty to defend or indemnify Kramig in the abestos cases. (Id.) The underlying asbestos case at the center of this lawsuit, the Adams case, remained pending at the date of Mr. Bechhold's letter to Ms. Bresson. Mr. Bechhold appears in the letter to use knowledge he gained during his prior experience as OneBeacon's attorney to seek advantage for Kramig, his current client. As explained by Senior Judge Weber in Case No. 1:07-cv-358:

> [T]his particular case presents one of the rare instances in which direct evidence is available to show that "factual information ... obtained in the prior representation of a client" actually was used in an attempt to "materially advance the position of another client in a subsequent matter." See Ohio R. Prof. Cond. 1.0(n). In a letter to OneBeacon's representative Cristy L. Bresson about this specific case, Mr. Bechhold states that the insurer's interpretation of the policies

12

> in this case is "inconsistent with the understanding and intent of former Commercial Union [a OneBeacon predecessor] underwriters with whom I have worked in the past." Mr. Bechhold's self-serving affidavit offered in opposition to the motion to disqualify is simply insufficient to overcome the "appearance of impropriety" created by that letter.
>
> Additionally, Kramig's implicit argument that the "understanding and intent" alluded to [in] Mr. Bechhold's letter were not "confidential" information, but simply "knowledge of OneBeacon's 'playbook,'" at most would be more persuasive could Mr. Bechhold's letter not be interpreted to insinuate that his insider's knowledge of OneBeacon's inner workings should motivate OneBeacon to change its position in deference to his new client's adverse one.

OneBeacon, 2008 WL 4059836, at *6 (internal citations omitted). Accordingly, for the foregoing reasons, the Court holds that Mr. Bechhold is disqualified from representing Kramig or any party adverse to the interests of the OneBeacon Insurers in this matter.[4]

**B.     Disqualification of Thompson Hine**

The OneBeacon Defendants move to disqualify the Thompson Hine law firm on the basis of Ohio Rule of Professional Responsibility 1.10(a). The law firm disqualification rule provides in relevant part that no lawyer in a law firm shall represent a client when "the lawyer knows or reasonably should know that any one of them practicing alone would be prohibited from doing so by Rule . . . 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm." Ohio R. Prof'l Conduct 1.10(a). Kramig does not assert that Mr. Bechhold's disqualification is based on a personal interest. In fact, Kramig does not assert any basis upon which the Court could find that Thompson Hine should not be disqualified despite the disqualification of Mr. Bechhold. Senior Judge Weber held that the disqualification

---

[4] The Court has not considered whether Mr. Bechhold would be disqualified on the additional bases asserted by Defendants.

of the Thompson Hine firm was required in the case pending before him.  OneBeacon, No. 1:07-cv-358, CM/ECF Doc. 49.  This Court also holds that the Thompson Hine law firm is disqualified from representing Kramig or any party adverse to the interests of the OneBeacon Insurers in this matter.

IV. **CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant and Third Party Plaintiff OneBeacon's Motion to Disqualify Attorney Christopher Bechhold and the Thompson Hine Law Firm (doc. 35).  The Court holds that Mr. Bechhold and the Thompson Hine firm are disqualified from representing Plaintiff R.E. Kramig or any other party adverse to the interests of the OneBeacon Insurers.

IT IS SO ORDERED.


   s/Susan J. Dlott
Chief Judge Susan J. Dlott
United States District Court